**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

YAADRAM NATHAI,

    Plaintiff,

v.                        Case No. 3:09-cv-1-J-20HTS

FLORIDA DETROIT
DIESEL-ALLISON, INC.,
a foreign corporation,

    Defendant.
_____

## O R D E R[1]

This cause is before the Court on Defendant Florida Detroit Diesel-Allison, Inc.'s Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order (Doc. #10; Motion). The Motion is opposed. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash Records Subpoena or for Protective Order (Doc. #11; Opposition).

In the present case, it is alleged in part that Defendant, Florida Detroit Diesel-Allison, Inc. (Allison), "discriminated and retaliated against [Plaintiff] by failing to promote him[,] and instead hir[ing] Mr. [Jerode] Tobin." Motion at 1; *cf.* Complaint (Doc. #2; Complaint) at 5, 8-11. Allison seeks an order quashing, or in the alternative, a protective order concerning, Plaintiff's

---

    [1] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

"subpoena *duces tecum* on Mr. Tobin's former employer W.W. Williams, seeking documents and records that are . . . personal, confidential information of a non-party (Mr. Tobin) from a non-party (W.W. Williams), and are unrelated to this action."  Motion at 2.

Discovery is generally allowed "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Rule 26(b)(1), Federal Rules of Civil Procedure (Rule(s)).  However, for good cause shown, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Rule 26(c).  Rule 45(c)(3)(A) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]"  A party ordinarily does not have standing to quash a subpoena served on a third party unless a personal right or privilege as to the documents being sought is asserted.  *See, e.g., Subair Sys., LLC v. Precisionaire Sys., Inc.*, No. 08-60570-CIV, 2008 WL 1914876, at *2 (S.D. Fla. Apr. 26, 2008); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006).

Defendant cites *Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647 (S.D. Fla. Dec. 10, 2007), for the proposition it has standing to challenge the subpoena.  *See* Motion at 3.  However, *Barrington* strictly addresses a party's right to contest

the production of his or her own employment records from a non-party. *See* 2007 WL 4370647, at *2. Here, Allison seeks to quash a subpoena seeking non-party records from another non-party. As Defendant has failed to articulate the existence of any personal right or privilege in Mr. Tobin's information, it lacks standing and thus its request to quash the subpoena must be denied.[2]

Notwithstanding Movant's lack of standing in regard to its request to quash, it may "move for a protective order if the subpoena[] seek[s] irrelevant information." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). The party "seeking a protective order carries the burden of showing good cause and/or the right to be protected." *Int'l Ass'n of Machinists and Aerospace Workers v. P & B Transp.*, No. 3:05-cv-1083-J-32MCR, 2007 WL 4145974, at *2 (M.D. Fla. Nov. 19, 2007); *see also Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-Civ, 2009 WL 455428, at *3 (S.D. Fla. Feb. 23, 2009).

To the extent Plaintiff is attempting to use the documents "to establish Mr. Tobin as his comparator[,]" Defendant argues the subpoena is inappropriate, because "[p]roper comparators are limited to employees working for the *same* employer." Motion at 4

---

[2] Allison represents that the Motion is made "[o]n behalf of itself and its current employee, Jerode Tobin[.]" Motion at 1. However, it appears the assertion with regard to Mr. Tobin might simply be based on his employee status, rather than on his having secured counsel for Defendant to represent his interests. *Cf.* untitled letter, attached to the Motion as Exhibit A. Therefore, the Court will not construe Allison's arguments and objections as also being made by Mr. Tobin. If Mr. Tobin does in fact object to the production of the subject documents, he may file a motion addressing his concerns if appropriate.

(internal quotation marks omitted).  While it is recognized that comparators "must be similarly situated in all relevant respects[,]" *McNeal v. City of Tarrant*, No. 08-14250, 2009 WL 1132348, at *1 (11th Cir. Apr. 28, 2009) (per curiam) (internal quotation marks omitted), the Court need not make a determination of who constitutes a proper comparator at this stage of the litigation.

Still, Mr. Nathai asserts that he was discriminated against when his employer failed to promote him in favor of Mr. Tobin, a less qualified, white, non-disabled individual.  *See* Complaint at 5, 8-11.  Mr. Tobin's past evaluations, resume, diplomas, guild membership, and training certificates reflecting his qualifications may indeed show Plaintiff was more qualified than Mr. Tobin, the purported comparator, and may also aid in establishing him as such.  Thus, the information is relevant on its face.  *Cf*. *McNeal v. City of Tarrant*, 2009 WL 1132348, at *1.  Accordingly, Defendant has failed to demonstrate good cause for the issuance of a protective order.[3]

---

[3] Allison contends the records are irrelevant as there is no indication it "relied on any information in W.W. Williams'[s] possession in deciding whether to hire Mr. Tobin."  Motion at 5.  However, "[t]he scope of discovery under Rule 26(b) is broad[.]  Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence." *Anglin v. Maxim Healthcare Servs., Inc.*, No. 6:08-cv-689-Orl-22DAB, 2009 WL 928305, at *2 (M.D. Fla. Apr. 3, 2009).

Thus, the Motion (Doc. #10) is **DENIED**. However, to the extent Mr. Tobin maintains any objections to the use of his records in this case, he shall have up to and including August 14, 2009, to file a motion regarding such issues. Until that time, Plaintiff shall continue to treat the documents as confidential. *See* Order (Doc. #13). If no motion is submitted by the above deadline, Plaintiff may thereafter use the records as appropriate. Of course, insofar as Plaintiff has agreed to limit the use and dissemination of Mr. Tobin's information, and return or destroy any documents in his possession at the conclusion of the case, *see* Opposition at 6, he would be bound by his agreement. Defendant shall ensure that a copy of this Order is provided to Mr. Tobin.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of August, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
    pro se parties, if any