**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

YAADRAM NATHAI,

    Plaintiff,

vs.                                                                CASE NO. 3:09-cv-001-J-20TEM

FLORIDA DETROIT DIESEL-ALLISON, INC.,
a foreign corporation,

    Defendant.
_____

## O R D E R

This case is before the Court on Defendant Detroit Diesel-Allison, Inc.'s Motion to Strike Inappropriate Portion of Plaintiff's Response in Opposition to Motion to Seal (Doc. #58, Motion to Strike) and Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike Footnote 1 of Plaintiff's Memorandum in Partial Opposition to Defendant's Motion to Seal (Doc. #60).

Upon review and consideration, the Court finds Defendant's Motion to Strike is due to be denied. Defendant brings the instant motion under the auspices of Fed. R. Civ. P. 12(f). Rule 12(f) provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

In reviewing the instant matter, the Court finds the word "pleading" is the operative word in Rule 12(f) when looking for the applicability of this rule. As Plaintiff correctly notes, Defendant seeks to strike a footnote that appears in Plaintiff's legal memorandum

submitted in opposition to Defendant's motion seeking to seal certain documents that are to be filed with the Court. Plaintiff's opposition is not a pleading. *See* Fed. R. Civ. P. 7(a) (setting forth which filings with the Court are permitted pleadings). Rule 12(f) does not apply to the relief sought in the instant motion. *See Polite v. Dougherty County School System*, 314 Fed. Appx. 480, n.7 (11th Cir. 2008).[1] Although the Court may find the statements in the disputed footnote are immaterial to the substance of the motion to seal, the Court is capable of looking past immaterial and irrelevant argument when considering the merits of the parties' stated positions. *See, e.g., Bd. of Educ. of Evanston Township High School Dist. No. 202 v. Admiral Heating and Ventilation Inc.,* 94 F.R.D. 300, 303-04 (N.D. Ill. 1982) (finding Rule 12(f) inapplicable to a footnote contained within a party's legal memorandum and declining to exercise discretionary power to "cleanse the files of improper material"); *see also, Rawson v. Sears Roebuck and Co.*, 585 F.Supp. 1393, 1397 (D. Col. 1984) (notwithstanding the applicability of Rule 12(f), finding a motion to strike will be denied if no prejudice can result from the challenged allegations).

Accordingly, Defendant Detroit Diesel-Allison, Inc.'s Motion to Strike Inappropriate Portion of Plaintiff's Response in Opposition to Motion to Seal (Doc. #58, Motion to Strike) is **DENIED**.

---

[1] Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

**DONE AND ORDERED** at Jacksonville, Florida this 25<u>th</u> day of August, 2010.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge