**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

YAADRAM NATHAI,

    Plaintiff,

vs.                                                                              CASE NO. 3:09-cv-001-J-20TEM

FLORIDA DETROIT DIESEL-ALLISON, INC.,
a foreign corporation,

    Defendant.
_____

**O R D E R**

This case is before the Court on Defendant Florida Detroit Diesel-Allison, Inc.'s Motion to Seal Certain Court Records (Doc. #50, Motion to Seal) and Plaintiff's Memorandum in Partial Opposition to Defendant's Motion to Seal Certain Court Records (Doc. #53). Defendant seeks to seal a number of exhibits that are submitted in support of Defendant's motion for summary judgment (*see* Docs. #47 and #48). Defendant asserts that the exhibits it seeks to seal are worthy of this protection because public filing of these documents would lead to the disclosure of private medical and employment information related to Plaintiff and certain individuals who are not parties to this action. Plaintiff objects to the sealing of any Defendant's summary judgment exhibits and asserts he "does not need or want [Defendant] to protect his privacy interests" (Doc. #53 at 1). Plaintiff claims Defendant has failed to show the information it wants sealed is protected information under HIPAA or any other law (Doc. #53 at n.2).

The Court first notes that neither party submitted the actual exhibits for an *in camera* review. Nonetheless, the Court has reviewed the descriptions of the disputed items as

provided by Defendant and as provided by Plaintiff. Upon review and consideration, the Court finds the submitted descriptions supply adequate information upon which the Court can base its ruling for the limited purpose of determining whether such information should be shielded from public viewing while dispositive motions are considered in this case. In making its determinations, the Court has given due consideration to that information which legally may not be disclosed without prior authorization, as well as information that may be confidential and sensitive in nature both to the parties and non-parties identified as comparators in this lawsuit.

"Public disclosure of discovery material is subject to the discretion of the trial court and the federal rules that circumscribe that discretion." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001) (per curiam) (internal citation omitted). The constitutional right of access to discovery materials is subject to the same standard set forth for the issuance of protective orders under Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* Rule 26 requires a showing of good cause by the party seeking the protection. *Id.*

The Court must evaluate and balance the interests of the parties and non-parties concerning dissemination of discovery material against the public's interest in gaining access to the information. *In Re Alexander Grant & Co. Litigation,* 820 F.2d 352, 355-357 (11th Cir. 1987). Here, the Court finds much of the identified information will likely be confidential and/or proprietary in nature, the public disclosure of which might harm either the parties to this suit or third parties. Unique to this case, however, Plaintiff has asserted there is no need to afford protection to the disputed exhibits that pertain to him.

Accordingly, Defendant's Motion to Seal (Doc. #50) is hereby **GRANTED IN PART AND DENIED IN PART**, as set forth below.

Utilizing the item numbers as set forth by Defendant in the instant motion (Doc. #50):   Item 1 shall be sealed upon submission.

Item 2 shall be sealed upon submission.

Item 3 shall be submitted and filed unsealed.

Item 4 shall be sealed upon submission.

Item 5 shall be submitted and filed unsealed.

Item 6 shall be submitted and filed unsealed.

Item 7 shall be submitted and filed unsealed.

Item 8 shall be sealed upon submission.

All sealed items shall remain under seal until further order of the Court.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of September, 2010.

Copies to all counsel of record
   and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge